# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40782

MICHAEL LANE,

Plaintiff-Appellant

v.

JOHN A. RUPERT; PATRICK COPPER; FRANK HOKE; GALE KARRIKER; UNKNOWN DORSEY, Mailroom Supervisor; JOHN DOE; JANE DOE,

Defendants-Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CV-305

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM: *

Michael Lane, Texas prisoner # 1238595, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A(b)(1). Lane argued that the defendants denied him access to the courts because they failed to timely mail his 28 U.S.C. § 2254 petition to the district court. The district court determined that Lane's § 1983 complaint failed to state a claim for relief and as frivolous because (1) he was collaterally estopped from showing that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40782

placed his § 2254 petition in the prison mail system by its due date, and (2) he could not show the requisite harm in order to proceed with an access to the courts claim because his § 2254 petition received full review on the merits.

Lane's motion for leave to proceed IFP is construed as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). When considering this challenge, we must determine "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, Lane must pay the filing fee or the appeal will be dismissed for want of prosecution. *See Baugh*, 117 F.3d at 202. Alternatively, we may dismiss the appeal sua sponte if it is frivolous. *Id.* at 202 n.24.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, to prevail on an access to the courts claim, a prisoner must show that an actionable claim was rejected. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996).

Lane does not address or identify any error in the district court's determination that he could not show injury arising from the actions or inactions of the defendants because his petition was considered and rejected on its merits. By failing to brief this issue, Lane has abandoned it on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, regardless whether the district court was correct in applying the doctrine of collateral

2

No. 14-40782

estoppel to the issue of the date of filing of the § 2254 petition, Lane has not shown that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20.

Accordingly, it is ordered that Lane's motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.34. The dismissal of the instant appeal, as well as the district court's dismissal under § 1915A(b)(1), count as "strikes" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Lane that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filing while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; WARNING ISSUED.